UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELENA ERICKSON,**

    Petitioner,

v.                                                        Case No. 8:24-cv-1042-MSS-TGW

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## O R D E R

Erickson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging her state court convictions for attempted second-degree murder and aggravated abuse of an elderly adult. (Doc. 1) The Respondent asserts that the petition is untimely (Doc. 9), and Erickson argues that the limitation equitably tolled. (Doc. 10) After reviewing the petition, the response, the reply, and the state court record (Doc. 9-2), the Court **DISMISSES** the petition as time barred.

## PROCEDURAL HISTORY

A jury found Erickson guilty of attempted second-degree murder and aggravated abuse of an elderly adult (Doc. 9-2 at 16–17), and the trial judge sentenced Erickson to eight years in prison for the attempted murder conviction and a consecutive thirty years in prison for the aggravated abuse conviction. (Doc. 9-2 at 19–22) Erickson appealed, and the state appellate court affirmed. (Doc. 9-2 at 32)

Over a year and a half later, Erickson filed a motion for post-conviction relief (Doc. 9-2 at 36–85), the post-conviction court denied relief (Doc. 9-2 at 87–101), and the state appellate court affirmed. (Doc. 9-2 at 174) Also, Erickson filed a petition alleging ineffective assistance of appellate counsel (Doc. 9-2 at 182–92), and the state appellate court dismissed the petition as untimely. (Doc. 9-2 at 239)

Erickson's federal petition followed. (Doc. 1) In her federal petition, Erickson asserts that the trial judge violated her federal right to a jury trial because only five jurors sat during her trial, that trial counsel deficiently performed by not impeaching a witness, that trial counsel deficiently performed by not objecting to a question by the prosecutor during cross-examination of a defense expert, and that appellate counsel deficiently performed by not arguing on appeal that fundamental error arose from the jury instruction for attempted second-degree murder.

## ANALYSIS

Because Erickson filed her Section 2254 petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a one-year statute of limitation applies to a Section 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period tolls while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

On October 11, 2019, the state appellate court affirmed Erickson's convictions and sentences in a decision without a written opinion. (Doc. 9-2 at 32) The state supreme court lacked jurisdiction to review the decision without a written opinion. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020). Erickson could have sought further review only in the United States Supreme Court. *Id.* at 1329. Erickson did not seek further review, and the time to seek further review expired ninety days later — January 9, 2020. Sup. Ct. R. 13.1. The next day, the federal limitation period started to run. Fed. R. Civ. P. 6(a)(1)(A).

The limitation ran for 365 days and expired on January 11, 2021.[1] On April 12, 2024, Erickson filed her federal petition. (Doc. 1) Consequently, the federal petition is untimely.

On May 10, 2021, Erickson, through counsel, filed her motion for post-conviction relief (Doc. 9-2 at 36), and on September 15, 2023, Erickson, through counsel, filed her petition alleging ineffective assistance of appellate counsel. (Doc. 9-2 at 182) Because Erickson filed both the motion and the petition after the limitation expired, neither tolled the limitation. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

---

[1] Because January 10, 2021, was a Sunday, the limitation extended to Monday, January 11, 2021. Fed. R. Civ. P. 6(a)(1)(C).

In her petition, Erickson argues that the limitation equitably tolled as follows (Doc. 1 at 13–14):

> Petitioner submits under *Holland v. Florida*, 560 U.S. 631 (2010), exceptional circumstances exist that support why this petition is untimely filed, and Petitioner can show due diligence in support of why the Court can reach the merits of each ground argued here. Through no fault of Petitioner, and with due diligence, Petitioner in good faith and under unreasonable circumstances, could not have timely filed this petition where one or more attorneys involved in the state direct appeal and post-conviction relief proceedings failed to inform or otherwise notify Petitioner of any statutory tolling or limitations that prevented the timely filing of this petition.
>
> Following the Second District Court of Appeal decision in Petitioner's direct appeal, counsel on appeal did not notify Petitioner that her direct appeal was denied. This issue was argued in Petitioner's Rule 9.141 petition for belated appeal in *Erickson v. State of Florida*, Case Number 2D23-1982 (Fla. 2d DCA 2023). Rule 9.141, Florida Rule of Appellate Procedure, states that a petitioner has four years to seek a belated appeal. The Second District Court of Appeal denied the petition as untimely.
>
> The total circumstances of the law of timely communication from appellate counsel prevented Petitioner from timely filing this instant 28 U.S.C. § 2254 petition. When this was discovered, Petitioner filed for a belated appeal in Case Number 2D23-1982 (Fla. 2d DCA 2023). The attorney representing Petitioner[ ] [in her] Rule 3.850 motion for post-conviction relief did not file a petition for belated appeal and instead filed the Rule 3.850 motion. This too prevented the timely filing of this 28 U.S.C. § 2254 petition as both attorneys failed in this available remedy being timely filed.
>
> In all this, Petitioner made due-diligent efforts to maintain appeals to exhaust the State issues in a timely manner; yet, due to the attorney interference, Petitioner could not reasonably have been expected to timely file this within the

one-year limitation from Petitioner's direct appeal. Petitioner has made due diligence in pursuing her appeals and, but for deficient performance by counsel, this petition would be timely filed.

Equitable tolling applies to a Section 2254 petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted).

Erickson misstates the state court record. Erickson did not file a petition for belated appeal in Case Number 2D23-1982. Erickson instead filed a petition alleging ineffective assistance of appellate counsel. (Doc. 9-2 at 182–92) A two-year time limit applies to a petition alleging ineffective assistance of appellate counsel. Fla. R. App. P. 9.141(d)(5). A petitioner may file a petition within four years after a conviction and sentence become final if the petitioner demonstrates that she was affirmatively misled about the outcome on direct appeal. Fla. R. App. P. 9.141(d)(5).

In her sworn petition alleging ineffective assistance of appellate counsel, Erickson clarified that appellate counsel waited "over a month" to notify her about the decision on direct appeal (Doc. 9-2 at 186) (record citations omitted):

> The petitioner was represented by attorney John Baez at sentencing and the subsequent direct appeal. Mr. Baez filed a notice of appeal and represented [the petitioner in] the appeal [of] petitioner's case. Mandate issued on November 19, 2019.
>
> The petitioner first learned of the decision in her direct appeal when receiving a flier [and] advertisement in the

5

> mail from an attorney unknown to her, notifying her of the Second District Court of Appeal decision denying her direct appeal. Mr. Baez did not immediately notify the petitioner of the court's decision and waited over a month to contact her. Mr. Baez did not notify the petitioner that she had the right to seek a Rule 3.850 motion for post-conviction relief and did not notify her of the right to seek [relief under] Rule 9.141, Florida Rules of Appellate Procedure, after her appeal was denied.

The short one-month delay notifying Erickson about the outcome of the direct appeal did not prevent Erickson from timely filing a petition alleging ineffective assistance of appellate counsel. Because the mandate on direct appeal issued on November 14, 2019 (Doc. 9-2 at 34) and because Erickson filed her petition on September 15, 2023 (Doc. 9-2 at 182), the state appellate court dismissed the petition as untimely. (Doc. 9-2 at 239)

Likewise, on October 11, 2019, the state appellate court affirmed Erickson's convictions and sentences. (Doc. 9-2 at 32) As explained above, the one-year federal limitation started on January 10, 2020. Even if appellate counsel waited "over a month" to inform Erickson about the decision on direct appeal, Erickson knew about the decision before the federal limitation began to run. Consequently, Erickson fails to demonstrate that appellate counsel's short delay in informing her about the decision on direct appeal prevented her from timely filing a Section 2254 petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.").

In her reply filed in this case, Erickson withdraws her argument that appellate counsel's failure to inform her about the decision on direct appeal prevented her from timely filing a federal petition and clarifies that appellate counsel's and post-conviction counsel's failure to inform her about the one-year federal limitation prevented her from timely filing the federal petition (Doc. 10 at 2):

> Petitioner is entitled to equitable tolling because, despite the one-month delay from appellate counsel notifying her of the direct appeal date of the mandate, Petitioner's issue is that counsel did not inform her of the one-year ADEPA time limitation to seek [relief under] 28 U.S.C. § 2254. Neither did post-conviction relief counsel. The issue as to whether there was a delay in notifying Petitioner of her direct appeal ending is not the predicate for equitable tolling in this case.

However, in her sworn petition alleging ineffective assistance of appellate counsel, Erickson stated that post-conviction counsel did inform her of the one-year federal limitation (Doc. 9-2 at 186–87) (record citations omitted):

> On May 10, 2021, attorney Loren Rhoton filed a notice of appearance and a Rule 3.850 motion for post-conviction relief. Mr. Rhoton advised the petitioner that by the time he was brought onto the case the petitioner's federal habeas corpus appeal rights under the Antiterrorism and Effective Death Penalty Act, Title 28 of the United States Code, Section 2254, had expired as more than one year passed from the final state court review date. However, Mr. Rhoton never explained or informed the petitioner of her rights to seek ineffective assistance of appellate counsel (Mr. Baez) pursuant to Rule 9.141, where there was a defective jury instruction that was fundamental error, [and] he failed to argue and raise [the issue on] direct appeal. Instead, he too missed the defective jury instruction on attempted manslaughter and failed to raise it in the Rule 3.850 motion. None of this was through any

7

> fault of the petitioner as she has been represented by counsel in both these appeals.
>
> Albeit, that more adequate and effective communications should have occurred between counsel and the petitioner, the real harm is that neither of the attorneys in either of the appeals in this case raised or argued the most essential and viable trial error that occurred. If it had been raised, because it has been found to be fundamental error, the petitioner would have been granted a new trial.

Erickson does not allege that she retained either appellate counsel or post-conviction counsel to prepare a Section 2254 petition or that either counsel misinformed her about the federal limitation. She instead faults counsel for not informing her at all about the deadline. Even if counsel had a duty to inform Erickson of the federal limitation, "'attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling . . . ." *Clemons v. Comm'r, Ala. Dep't Corrs.*, 967 F.3d 1231, 1242 (11th Cir. 2020) (quoting *Cadet v. Fla. Dep't Corrs.*, 853 F.3d 1216, 1226–27 (11th Cir. 2017)). Because Erickson fails to demonstrate an extraordinary circumstance, such as abandonment, bad faith, dishonesty, divided loyalty, or a mental impairment, that prevented her from timely filing a Section 2254 petition, equitable tolling does not apply. *Cadet*, 853 F.3d at 1236 ("Abandonment is an extraordinary circumstance that can, when coupled with reasonable diligence by the petitioner, justify equitable tolling, but attorney negligence or gross negligence, by themselves, are not. Circumstances other than abandonment can meet the extraordinary circumstance

8

element for equitable tolling. Among them are our pre-*Holland* circumstances of bad faith, dishonesty, divided loyalty, and mental impairment.").

Lastly, Erickson admits that, on May 10, 2021, she retained post-conviction counsel and post-conviction counsel advised her that the federal limitation expired because "more than one year passed from the final state court review date." (Doc. 9-2 at 187) After learning that the federal limitation expired, Erickson did not immediately file in federal court a Section 2254 petition. Erickson instead filed in state court a motion for post-conviction relief and an untimely petition alleging ineffective assistance of appellate counsel. On August 8, 2022, the mandate issued in Erickson's post-conviction appeal (Doc. 9-2 at 176), and on October 2, 2023, the state appellate court dismissed as untimely Erickson's petition alleging ineffective assistance of appellate counsel. (Doc. 9-2 at 239) Erickson waited another six months until April 12, 2024, to file the Section 2254 petition in this case. (Doc. 1) Almost three years earlier, post-conviction counsel first notified Erickson that the federal limitation expired. (Doc. 9-2 at 186–87)

Because Erickson fails to demonstrate that she acted diligently when pursuing her rights in federal court, equitable tolling does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("And not only did petitioner sit on his rights for years *before* he filed his [state post-conviction] petition, but he also sat on them for five more months *after* his [state post-conviction] proceedings became final before deciding to seek relief in federal court. Under long-established principles, petitioner's lack of diligence precludes equity's operation.") (itatlics in original and citations omitted); *Johnson v.*

9

*Fla. Dep't Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("As grounds for equitable tolling, Johnson proffers again the incompetence of his first post-conviction attorney. However, this Court has 'stated on numerous occasions that attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'") (citation omitted).

Accordingly, Erickson's petition (Doc. 1) is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Erickson and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Erickson neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on July 16, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE